IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:04-0687 |
| | ) | |
| HERMAS JARAMILLO, d/b/a El Amigo Mexican Restaurant, | ) | Judge Trauger/Brown |
| | ) | |
| Defendant. | ) | |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

This matter was referred to me for a Report and Recommendation on the plaintiff's application for a default judgment (Docket Entry No. 20) by Judge Trauger (Docket Entry No. 24).

For the reasons stated below, the Magistrate Judge **recommends** that a default judgment be entered against Hermas Jaramillo, d/b/a El Amigo Mexican Restaurant, as set forth in the draft default judgment order attached to this Report and Recommendation.

**II.  BACKGROUND**

A complaint was filed in this matter on August 6, 2004 (Docket Entry No. 1). The complaint alleges that the defendants violated §§ 553 and 605 of Title 47, United States Code (The Communications Act of 1934).

The complaint alleges that the defendant operates a sports bar under the name El Amigo Mexican Restaurant, 555 South Lowry Street, Smyrna, TN. The plaintiff alleges that they had a license agreement to exhibit the closed circuit television telecast of March 1, 2003, championship boxing match between John Ruiz and Roy Jones, Jr. The plaintiff then entered into a licensing agreement for the purpose of distributing for commercial gain the closed circuit broadcast of the fight and the events surrounding it to various establishments in Tennessee. The closed circuit broadcast was not available to the general public and could only be lawfully shown by those establishments that were contractually authorized to do so by the plaintiff.

The defendants would have been able to legally secure authorization to broadcast the fight and surrounding events by paying a fee to the plaintiff. However, the complaint alleges that the defendant did not do so and was somehow able to unscramble the electronic signals for the fight and telecast it without authorization at their establishment on March 1, 2003. The plaintiff alleges a violation of 47 U.S.C. § 553, which provides that no person shall intercept or receive or assist in intercepting or receiving any communication service offered over a cable system, unless specifically authorized to do so by a cable operator, or as may otherwise may be specifically authorized by law. Violations of this act subject the violator to civil damages up to $10,000,

2

pursuant to §553(c)(3)(A)(ii), statutory damages for wilful violations in the amount of $50,000, pursuant to §553(c)(3)(B), and costs including reasonable attorneys' fees, pursuant to §553(c)(2)(C).

The plaintiff next alleges a violation of 47 U.S.C. §605, which provides that no person being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purpose, effect, or meaning of such intercepted communication to any person. Violations of this law subject the offender to a private cause of action for statutory damages in the amount of $10,000, pursuant to §605(e)(3)(C)(i)(II), statutory damages in the amount of $100,000, pursuant to §605(e)(3)(C)(ii) and full costs, including reasonable attorneys' fees, pursuant to §605(e)(3)(B)(iii).

The defendant Hermas Jaramillo, d/b/a El Amigo Mexican Restaurant, did not respond to the complaint and subsequently on April 20, 2005, notice of entry of default was entered against them by the Clerk of Court (Docket Entry No. 17). Subsequently, the plaintiff moved for an entry of a default judgment (Docket Entry No. 20), which was referred to the undersigned for the hearing mentioned above (Docket Entry No. 24).

The defendants did not respond to the motion and I have made my recommendation on the record without a hearing.

3

**III. LEGAL DISCUSSION**

In view of the default, the defendants have given up any right of defense in the matter, and the allegations in the complaint are taken as true. Smith v. C.I.R., 926 F.2d 1470 (6th Cir. 1991). The maximum statutory award in this case would be $170,000. Although the defendants have made no defense in this case, nevertheless, it appears that the award of the maximum would be excessive. The maximum should be reserved for severe cases. Under the facts of this case as plead, the violation involved a single fight at apparently a fairly small bar and grill. These facts would mitigate against a maximum award. On the other hand, the violation appears wilful and was done for financial gain. The record (Docket Entry No. 21, Exhibit B) states there were 7 patrons watching 1 television. Accordingly, more than minimal damages should be awarded. The Magistrate Judge believes that a total award in the sum of $25,000 is appropriate. That award is approximately 15% of the maximum award for damages available in this case. In addition, the plaintiff is entitled to full costs and reasonable attorneys' fees. The plaintiff has supported their request for attorneys' fees in the amount of $1,778.50 and costs of $326.91 (Docket Entry No. 21, Exhibit C).

In reviewing the billing records, it appears reasonable.

Accordingly, the Magistrate Judge believes that reasonable attorneys' fees and costs in this case are $2,105.41.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that the District Judge enter the attached default judgment against the defendant Hermas Jaramillo, d/b/a El Amigo Mexican Restaurant, in the amount of $25,000 in statutory damages, and $2,105.41 as attorneys' fees and costs, for a total amount of $27,105.41.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 30th day of August, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:04-0687 |
| | ) | |
| HERMAS JARAMILLO, d/b/a El | ) | Judge Trauger |
| Amigo Mexican Restaurant, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The plaintiff has moved for entry of judgment by default and this matter, having been referred to the Magistrate Judge for a Report and Recommendation as to damages, the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED**.

It is hereby **ORDERED, ADJUDGED and DECREED** that judgment be and the same is hereby **ENTERED** in favor of the plaintiff against the defendant, Hermas Jaramillo, d/b/a El Amigo Mexican Restaurant, in the amount of $25,000 in statutory damages, and $2,105.41 as attorneys' fees and costs, for a total amount of $27,105.41.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge